IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANDREW SSENDIKWANAWA, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-14-1196 |
| ERIC HOLDER, ET AL., | : (Judge Brann) |
| Respondents | : |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | |
|---|---|
| MICHAEL ANDREW SSENDIKWANAWA, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-14-1241 |
| CRAIG LOWE, ET AL., | : (Judge Mariani) |
| Respondents | : |

## MEMORANDUM

July 14, 2014

**Background**

Michael Andrew Ssendikwanawa, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed the initially captioned pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the undersigned.

An amended petition and supporting exhibits were subsequently submitted.

Named as Respondents therein were ICE District Director Thomas Decker, Attorney General Eric Holder Warden Craig Lowe.[1]  Service of the amended petition and exhibits was ordered on July 10, 2014.

Unbeknownst to this Court, Petitioner filed a subsequent, counseled, emergency § 2241 petition on June 27, 2014 which was assigned to Judge Robert D. Mariani of this Court.  A response has been submitted in that matter and Judge Mariani has already conducted two telephonic conferences with the parties.

In both actions, Petitioner similarly claims entitlement to federal habeas corpus relief on the grounds that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by ICE pending removal is unconstitutional pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).  As relief, both actions seeks Petitioner's release from ICE detention.

For the reasons outlined below, this Court will direct that the above cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a), the consolidated matter will proceed under the counseled matter, Ssendikwanawa, Civil Action No.

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official.  See 28 U.S.C. § 2242.  Accordingly, Pike County Prison Warden Lowe was deemed the sole Respondent.

3:CV-14-1241.

## Discussion

Rule 42 (a) of the Federal Rules of Civil Procedure states:

(a) **Consolidation**.  If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Both petitions are similar in almost all respects.  As noted earlier, the arguments set forth in the respective actions similarly challenge the legality of Ssendikwanawa's ongoing detention by ICE.  Both actions claim that the Petitioner's continued detention violates due process under the standards announced by the United States Supreme Court in Zadvydas.

Consequently, since the above described actions contain common factors of law and fact, the consolidation of the cases will be ordered.  Since Petitioner is represented by counsel with respect to his action before Judge Mariani and the ongoing proceedings in that matter are at an advanced stage, the Court will consolidate earlier pro se petition into Ssendikwanawa's subsequent, counseled action, Civil Action No. 3:CV-14-1241 pursuant to Rule 42(a).

3

An appropriate Order will enter.

        BY THE COURT;

          s/ Matthew W. Brann
        Matthew W. Brann
        United States District Judge